UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-467-KKC

RAYMOND POTTER                                                          PLAINTIFF

v.                                  **OPINION AND ORDER**

ENERSYS, INC.
a/k/a ENERSYS DELAWARE, INC.,                                  DEFENDANT

* * * * * * * * * * * * * *

This matter is before the Court on the Motion for Summary Judgment (Rec. No. 9) submitted by Defendant EnerSys, Inc., a/k/a EnerSys Delaware, Inc., ("EnerSys").  This motion is unopposed by Plaintiff Raymond Potter ("Potter").  For the reasons set forth below, the Court will GRANT EnerSys's motion.

I.      **FACTUAL BACKGROUND**

Potter is a resident of Paris, Kentucky (Rec. No. 1, Complaint, ¶1).   Potter was an employee of Central Kentucky Industrial, Inc. ("CKI") and was assigned by CKI to work on a construction project at EnerSys's Richmond, Kentucky facility in 2007.  (Complaint, ¶¶ 10,12). Potter concedes that he was not "an agent, apparent agent, and/or servant" of EnerSys. (Complaint, ¶ 11).  Apparently, EnerSys is a lead-based battery manufacturer and the plant where Potter worked contained significant amounts of lead debris.  (Complaint, ¶ 14).  Potter claims that he was exposed to potentially fatal doses of toxic lead debris from February 2007 until July 4, 2007.  (Complaint, ¶ 15).  Potter claims that this exposure has caused him to suffer "numerous serious and permanent medical conditions."  (Complaint, ¶ 16).  He also claims that as a result of the exposure, he carried lead particles on his clothing which resulted in the unknowing

contamination of his vehicle and his home, thereby resulting in his friends and relatives being exposed.  (Complaint, ¶ 17).

Potter filed a Complaint in the Madison Circuit Court on June 27, 2008.  The Complaint alleges causes of action for battery, willful and wanton misconduct, gross negligence and intentional infliction of emotional distress.  In connection with these causes of action, Potter seeks damages for his physical and mental pain and suffering, economic damages and punitive damages.  CKI and EnerSys were originally named as defendants in the state court proceedings. However, after CKI filed a motion to dismiss, Potter entered into an agreed order dismissing CKI from this case.  (Rec. No. 1, Attach. 1 State Court Record).

This matter was removed from Madison Circuit Court to the United States District Court for the Eastern District of Kentucky on November 14, 2008.  (Rec. No. 1).  On November 19, 2008, this Court issued an order instructing the parties to meet within twenty-one days to discuss the case and to make or arrange for the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and to develop a discovery plan.  (Rec. No. 3).  The parties were furthermore directed to file a joint status report within ten days of their meeting setting forth the discovery plan, the time necessary to file pretrial motions, the parties' belief as to whether the matter was suitable for alternative dispute resolution such as mediation, the parties' estimate as to the probable length of trial, and mutually convenient trial dates.  (Rec. No. 3).  This Joint Report was filed by the parties on December 18, 2008.  (Rec. No. 5).

As a result of the Joint Report submitted by the parties, the Court set various deadlines for this action in a Scheduling Order dated December 19, 2008.  (Rec. No. 6).  Of particular importance to the pending motion for summary judgment was the Court's direction that the Rule

26(a)(2) reports from expert trial witness were due from Potter by September 1, 2009 and from EnerSys by October 15, 2009. In addition, all discovery was to be completed by December 23, 2009 and all dispositive motions were to be filed by January 27, 2010 with a jury trial set for June 7, 2010.

There was no activity in this case from December 19, 2008 until October 2, 2009 when EnerSys filed the instant Motion for Summary Judgment. (Rec. No. 9). As background for its motion, EnerSys indicates that Potter has failed to provide the FRCP 26(a)(1) information as required by the Court's scheduling order. Apparently, Potter also failed to respond to interrogatories and document requests served by EnerSys on October 30, 2008. However, the true reason for EnerSys's motion for summary judgment is that Potter has failed to provide it with an expert witness report by September 1, 2009 as required by this Court's Order. Based on the record before the Court, there is no indication that this report has been provided as of the present date more than two months after the deadline has elapsed. There is also no indication that the report is forthcoming and Potter has offered no reasons for failing to comply with the Court's order and has also failed to oppose EnerSys's motion for summary judgment.

In support of its motion, EnerSys claims that the lack of an expert report is fatal to Potter's claims because in a toxic tort case proof of causation is impossible without the aid of an expert's report and opinion and testimony. As already noted above, the Court does not have the benefit of considering arguments by Potter in opposition to this motion. However, for the reasons set forth below, the Court agrees with the arguments raised by EnerSys and will grant its motion for summary judgment.

II.   **STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Chao v. Hal Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323. The moving party may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-moving party's claim.  *Id.* at 322-25.  Once the moving party meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.

4

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.,* 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

## III.   ANALYSIS

In this action, Potter has the burden of presenting some evidence supporting his claims that exposure to lead at the Enersys facility caused him "numerous serious and permanent medical conditions." However, Potter has failed to present any evidence that would allow a jury

to reasonably find that EnerSys caused his injuries.  By the Court's Scheduling Order, Potter was directed to provide EnerSys with an expert report by September 1, 2009.  This deadline has come and gone without any action by Potter..

EnerSys directs the Court's attention to *Sterling v. Velsicol Chemical Corporation* for the proposition that expert testimony is necessary to prove individual causation in toxic tort cases. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188 (6th Cir. 1988).[1]  In *Sterling*, the Sixth Circuit addressed Velsicol's argument on appeal that there was insufficient evidence to support a finding that its disposal of toxic chemicals caused plaintiffs' injuries.  *Id.* at 1198.  While unlike the instant case, that case arose in the class action context, it is nonetheless instructive with regard to the type of proof that a toxic tort plaintiff needs to produce to establish causation.  The Sixth Circuit emphasized that it is "the responsibility of each individual plaintiff to show that his or her specific injuries or damages were proximately caused by ingestion or otherwise using" the defendants allegedly contaminated water.  *Id.* at 1200.  The Sixth Circuit explained that in seeking damages for bodily injuries, the plaintiffs were required to prove "to a reasonable medical certainty" without having to use that specific terminology, that their ingestion of contaminated water caused their individual injuries.  *Id.*  The Court explained that this standard implicated the qualifications of the witnesses testifying, the acceptance of their theories in the scientific community and their degree of certainty as to their conclusion.  *Id.*

Similarly in this case, Potter has the burden of showing that his injuries were caused by

---

[1] There is widespread support for applying the toxic tort requirements to claims involving medical conditions allegedly caused by lead and/or other heavy metals.  *See, e.g.*, *Hartford Accident & Indem. Co. v. Doe Run Res. Corp.*, 2009 U.S. Dist. LEXIS 63470, *9 (E.D. Mo. July 23, 2009)(explaining that "Doe Run has been named a defendant in a number of toxic tort lawsuits concerning alleged lead-related injuries to current and former residents of the areas near its...lead smelter.").

his exposure to lead particles at the EnerSys facility.  However, Potter has failed to present any evidence to meet this burden.  In fact, in considering this motion for summary judgment, the Court does not have the benefit of considering any evidence in support of Potter's claims.

The problem of proving causation in a toxic tort case without the aid of expert testimony was recently addressed in *Adams v. Cooper Industries, Inc.*, which arose out of contamination caused by chemical emissions from a plant in Harlan, Kentucky.  *Adams v. Cooper Indus., Inc.*, 2008 U.S. Dist. LEXIS 9349, at * 13 (E.D. Ky. February 5, 2008).  In considering a motion for summary judgment, the court noted that the plaintiffs claimed the defendants had negligently released chemicals that had harmed them.  *Id.* at *22.  The court explained that in toxic tort cases, plaintiffs generally use expert testimony to demonstrate causation.  *Id.*  However, the court excluded Plaintiffs's specific causation experts as unreliable because they were not able to demonstrate substantial exposure.  *Id.* at *22-23.  The court then found that without the expert testimony and opinions, Plaintiffs were unable to present enough evidence of specific causation to allow a jury to reasonably find the defendants liable.  *Id.* at *23.  Consequently, the court granted summary judgment on the negligence claim because the Plaintiffs failed to present sufficient evidence to support an essential element of their claim.   The court also dismissed the plaintiffs other claims because they all required that the plaintiffs show causation.  *Id.*

Here, Potter's case is even weaker than *Adams* because no evidence of any kind has been presented supporting a jury finding that EnerSys caused the alleged injuries.  In fact, Potter has not even attempted to present an expert opinion showing that an exposure at the EnerSys facility caused Potters alleged injuries.  Without an expert opinion or other evidentiary support for his claims, it is apparent that Potter has not presented even a scintilla of evidence supporting

7

allowing any reasonable juror to conclude that lead exposure caused his injuries.  As a result, because Potter has failed to present any evidence to defeat the motion for summary judgment, EnerSys is entitled to judgment as a matter of law on all claims asserted against it.  *See* FED. R. CIV. P. 56(e).

## IV.    CONCLUSION

For all these reasons, the Court hereby ORDERS that the Defendant's Motion for **Summary Judgment** (Rec. No. 9) is GRANTED with respect to all claims asserted against it.

Dated this 9th day of November, 2009.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**

8